**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12 CR 652 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| DANIEL HENRY MACK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

During the pretrial conference on August 5, 2013, Defendant repeatedly stated that he wished to terminate Mr. Fine, whom the Court has appointed to serve as standby counsel. Defendant reiterated his request via a "notice of termination" [64] filed on August 13, 2013. For the reasons stated below, the Court declines to terminate Mr. Fine at this time. Finally, in regard to Defendant's recent filings, see [55-65], the Court addresses below those as to which further clarification or explanation is warranted and reiterates that this case remains set for trial next Monday, August 26, at 11:00 a.m. with Mr. Fine as standby counsel.

## DISCUSSION

### I.      Standby Counsel

After conducting a colloquy with Defendant on June 5, 2013, the Court concluded that Defendant, through his conduct, had knowingly and voluntarily waived his right to counsel and elected to proceed to trial *pro se* with standby counsel. See [46]; *United States v. Oreye*, 263 F.3d 669, 670 (7th Cir. 2001). Defendant and standby counsel subsequently appeared at a pretrial conference on August 5, 2013, at which time Defendant repeatedly raised issues about territorial

jurisdiction, "denied" all statements made by the Court, and sought to terminate standby counsel. The Court advised Defendant at the time that it believed that controlling precedent permitted the Court to leave standby counsel in place. The Court further advised Defendant that an order addressing the matter would be forthcoming.

"[T]he Sixth Amendment guarantees the right to counsel at all critical stages of the prosecution." *United States v. Johnson*, 534 F.3d 690, 693 (7th Cir. 2008) (quoting *United States v. Irorere*, 228 F.3d 816, 826 (7th Cir. 2000)). It also provides a criminal defendant the right to waive his right to counsel and proceed *pro se*, so long as he does so knowingly and intelligently. *Id.* (citing *Faretta v. California*, 422 U.S. 806, 835 (1975)). This latter right is not without limits, however. A *pro se* criminal defendant must be "able and willing to abide by rules of procedure and courtroom protocol," *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984); "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n.46. Similarly, the Supreme Court has explained that a trial court "may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Id.* "A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel – even over the defendant's objection – to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals." *McKaskle*, 465 U.S. at 184; see also *United States v. Taylor*, 569 F.2d 448, 452 (7th Cir. 1978) (noting that the right of self-representation does not include "any correlative right to preclude the trial court from appointing and authorizing [standby counsel] to participate in the

trial over the accused's objection in order to protect the public interest in the fairness and integrity of the proceedings").

Here, Defendant through his conduct has expressed an intention to proceed *pro se*. He likewise has represented in writing that he wishes to "stand unrepresented" at his upcoming trial. [64]. To the extent that Defendant comports himself appropriately, see *Faretta*, 422 U.S. at 834 n.46, he is well within his right to do so. Nonetheless, it is entirely possible that a defendant "who vehemently objects at the beginning of trial to standby counsel's very presence in the courtroom, may express quite different views as the trial progresses." *McKaskle*, 465 U.S. at 182. That is one reason why the Court finds it prudent to have standby counsel in place. *See United States v. Irorere*, 228 F.3d 816, 828 n.2 (7th Cir. 2000). If Defendant has a change of heart as to his desire to represent himself, or finds himself with questions concerning courtroom procedure or strategy, standby counsel will be available to step in or assist him as needed. Absent Defendant's consent or instruction, standby counsel will remain a silent courtroom observer and will not interfere with Defendant's presentation of his case. Another reason to keep standby counsel in place is the potential need to call him into service as full counsel in the event that "termination of the defendant's self-representation is necessary" on the basis of the defendant's misconduct. *Faretta*, 422 U.S. at 834 n.46.

In the Court's view, standby counsel who is familiar with Defendant, the charges pending against him, and the progression of the case against him will be in the best position to assist Defendant should he be needed to do so. Mr. Fine, Defendant's current standby counsel, has been involved in this case since his appointment on October 26, 2012. See [23], [24]. Mr. Fine has attempted to confer with his often uncooperative client and has appeared on his behalf or as standby counsel at all pretrial hearings. Defendant's dissatisfaction with Mr. Fine appears to be

rooted not in any attorney-client conflict but rather in Defendant's overarching view that the Court and justice system generally lack jurisdiction over him. The Court repeatedly has rejected Defendant's contentions about jurisdiction, see [37], [51], and is mandated by Seventh Circuit precedent to continue to do so. See *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). The Court therefore finds no basis for removing Mr. Fine at this juncture, less than a week before Defendant's scheduled trial. See *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) ("[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them."); *United States v. Smith*, 618 F.3d 657, 666 (7th Cir. 2010) (quoting *Gonzalez-Lopez*, 548 U.S. 152 and recognizing that trial courts have "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar"); *United States v. Patterson*, 397 F. App'x 209, 213-14 (7th Cir. 2010); *United States v. Cole*, 988 F.2d 681, 684 (7th Cir. 1993).

## II.      Speedy Trial Arguments

Defendant's Speedy Trial arguments are meritless. As the record establishes, any delay in getting this case to trial is chargeable almost entirely to Defendant himself. To begin with, on multiple occasions Defendant refused to come to Court at all, thereby putting a halt to the ability of the Court to move the case forward in any fashion on those occasions. See [17], [19]. In addition, from the early stages of the case, Defendant has declined to cooperate with court-appointed counsel. See [23], [28], [45]. He also has refused to cooperate with the Court's efforts to engage him in various discussions of critical issues in the case, including Defendant's own Sixth Amendment rights. *E.g.*, [32]. On most occasions, Defendant simply has stood mute in the courtroom. More recently, he has spoken up, but mostly to rehash the kinds of "sovereign citizen" arguments that the Seventh Circuit has "rejected summarily, however they are

presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Throughout the pre-trial phase of this case, Mr. Mack has typified the "obstreperous" defendant who "would rather play games, and try to goad the judge into error, than face the music politely." *United States v. James*, 328 F.3d 953, 956 (7th Cir. 2003). In the face of Defendant's behavior, the Court has appropriately excluded time, with the reasons stated on the record, at the conclusion of every status or motion hearing.

Notwithstanding Defendant's pointed refusal to cooperate with counsel or the Court, the Court has endeavored to keep this case moving forward while at the same time advising Defendant of his rights and giving him an opportunity to intelligently exercise those rights and prepare for trial once it determined that Defendant would be representing himself. Not until his recent spate of filings, made weeks after the deadline for pre-trial motions and shortly before trial, did Defendant for the first time even mention the Speedy Trial Act or the constitutional right to a speedy trial. The bottom line is that Defendant is set for trial approximately a year after the original indictment and a few months after the superseding indictment that added additional serious charges against him. In evaluating constitutional speedy trial claims, the Seventh Circuit has stressed the following factors: "whether the delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *United States v. O'Connor*, 656 F.3d 630, 643 (7th Cir. 2011) (quoting *Doggett v. United States*, 505 U.S. 647, 651 (1992)) (alterations omitted). Not one of those factors weighs in Defendant's favor. To the extent that Defendant desired an earlier trial date, the responsibility for that not taking place rests with him, not with the Government or the Court.

### III. Other Miscellaneous Issues

Defendant has advanced, orally and in writing, various arguments challenging the Court's jurisdiction. The Court has addressed – and rejected – these arguments in detail and will not regurgitate the analysis here. Suffice to say that both personal and subject matter jurisdiction over Defendant are secure. See *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005) ("Personal jurisdiction is supplied by the fact that [defendant] is within the territory of the United States."); *United States v. Rollins*, 301 F.3d 511, 520 (7th Cir. 2002) ("[T]he constitutional authority for making bank robbery a federal crime is not in doubt. It is rooted in the Commerce Clause, U.S. Const. art. I, § 8, cl. 3."). Like his jurisdictional challenges, Defendant's objection to the Court's entry of a not guilty plea on his behalf in the face of Defendant's silence at the arraignment on the superseding indictment is frivolous. Under Rule 11(a)(4) of the Federal Rules of Criminal Procedure, "[i]f a defendant refuses to enter a plea * * *, the Court must enter a plea of not guilty."

In closing, the Court simply reminds Defendant that he is expected to comport himself according to the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, the usual standards for courtroom behavior and decorum, and all of the Court's written and oral rulings and admonitions. Failure to adhere to the rules may result in the termination of Defendant's right of self-representation, the exclusion of Defendant from the trial (to watch the proceedings on a video monitor outside the courtroom), and assumption of his defense by standby counsel. In particular, the Court cautions Defendant that under our circuit's case law, a defendant who engages in "obstructive, disrespectful, and potentially inflammatory" behavior is deemed to have "consented to [his] removal from the courtroom during trial, unless and until [he is] ready to promise to behave." *United States v. Benabe*, 654 F.3d 753, 766 (7th Cir. 2011). For example, if

Defendant persists in raising baseless immunity claims or otherwise attempts to place before the jurors matters that are not theirs to decide such as the arguments relating to jurisdiction, speedy trial issues, or other legal matters such as those he has raised in his recent filings, he risks exclusion from the courtroom. As the jurors will be instructed, their principal role is to decide the facts of the case based on the evidence presented at trial and according to the instructions on the law that I will give them at the end of the case. If Defendant chooses not to heed these instructions, a recess will be taken and standby counsel will assume his defense when the jury returns to the courtroom.


Dated: August 21, 2013

_____
Robert M. Dow, Jr.
United States District Judge